UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


BYRON COATS,

        Petitioner,

vs.                        Case No. 3:05-cv-1120-J-20MCR

THE HONORABLE
PETER J. FRYEFIELD,

        Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Petitioner initiated this action by filing a Petition to Correct (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254. Upon review of the Petition, this case will be dismissed due to the following deficiencies.

    Petitioner has not filed his Petition on the appropriate form. The Rules Governing Section 2254 cases, which have been adopted in this district, require that a petition be in substantially the form annexed to the rules. See Rule 2(d), Rules Governing Section 2254 Cases in the United States District Courts. As the Advisory Committee Note to Rule 2 explains, the use of a prescribed form was adopted for reasons of administrative convenience. Courts that have a large volume of habeas actions, as does this Court, save valuable time if they are not required to decipher lengthy and/or

illegible petitions.  This saving is lost if Petitioner fails to use the form.

Petitioner has also failed to provide the Court with two conformed copies of his Petition.  See Rule 3(a), Rules Governing Section 2254 Cases in the United States District Courts. Additionally, he has failed to either pay the $5.00 filing fee or file a request to proceed as a pauper.  See id.

Furthermore, the Court cannot ascertain if Petitioner has exhausted his state court remedies.  In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Petitioner's claims.  See Rose v. Lundy, 455 U.S. 509 (1982); see also 28 U.S.C. § 2254(b)(1)(A).

Finally, Petitioner failed to include an original signature in the Petition in accordance with Fed. R. Civ. P. 11 and Local Rule 1.05(d).  Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice to give Petitioner the opportunity to properly file his action in this Court after exhausting his claims in state court.

Therefore, it is now

**ADJUDGED:**

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.  The Clerk of the Court shall close this case.

4.  The Clerk shall send Petitioner a form for use in Section 2254 cases and an affidavit of indigency form. If Petitioner elects to file another petition in this Court after exhausting his state court remedies, he may complete and submit these forms. Petitioner should not place this case number on the forms because the Clerk will assign a separate case number.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of November, 2005.

UNITED STATES DISTRICT JUDGE

ps 11/1
c:
Byron Coats